Official Form 420A (Notice of Motion or Objection) (12/16)

# United States Bankruptcy Court
### District of New Jersey

U.S. BANKRUPTCY COURT
FILED
NEWARK, NJ

2018 DEC 17 A 10: 26

JEANNE A. NAUGHTON

BY: _____
DEPUTY CLERK

In re  FRANCISCUS MARIA DARTEE
[Set forth here all names including married, maiden, and trade names used by debtor within last 8 years.]

Debtor

Address   c/o 12 Moonshadow Court
          Kinnelon, New Jersey 07405

Last four digits of Social Security or Individual Tax-payer Identification (ITIN) No(s).,(if any): 1197

Employer's Tax Identification (EIN) No(s).(if any): _____

Case No. 18-26407-JKS & 18-01538-JKS (AP)

Chapter 11

Emergency Hearing Date: December 18, 2018

## NOTICE OF [MOTION TO ] [OBJECTION TO ]

Vacate Order Vacating Stay and Order Denying Motion For Reconsideration and Reinstate Automatic Stay.

Franciscus Maria Dartee has filed papers with the court to [relief sought in motion or objection].

**Your rights may be affected.** **You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to [relief sought in motion or objection], or if you want the court to consider your views on the [motion] [objection], then on or before (date), you or your attorney must:

[File with the court a written request for a hearing {or, if the court requires a written response, an answer, explaining your position} at: 50 Walnut Street, Newark, NJ 07102

{address of the bankruptcy clerk's office}

If you mail your {request}{response} to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

You must also send a copy to:

{movant's attorney's name and address}

{names and addresses of others to be served}]
12/18/2018

Martha Hildebrandt, Assistant United States Trustee
1085 Raymond Boulevard, Suite 2100
Newark, NJ 07102
RAS CITRON LLC, 130 Clinton Road, Suite 202
Fairfield, NJ 07004
SANDELANDS EYET LLP
1545 US Hwy 206, Ste 304, Bedminster, NJ 07821

[Attend the hearing scheduled to be held on (date), (year), at 10:00 a.m./p.m. in Courtroom 3D, United States Bankruptcy Court, {address}.] 50 Walnut Street, Newark, NJ 07102

[Other steps required to oppose a motion or objection under local rule or court order.]

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

Date: December 17, 2018

Signature: By _____ L.S.
Name: Franciscus Maria Dartee
Address: c/o 12 Moonshadow Court
         Kinnelon, New Jersey

Case No.: 18-26407-JKS

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

U.S. BANKRUPTCY COURT
FILED
NEWARK, NJ

2018 DEC 17 A 10: 27

JEANNE A. NAUGHTON

BY _____
DEPUTY CLERK

FRANCISCUS MARIA DARTEE, Debtor,

BRIEF IN SUPPORT OF

AMENDED EMERGENCY OBJECTION TO ORDER VACATING STAY AND
ORDER DENYING MOTION FOR RECONSIDERATION AND TO
REINSTATE AUTOMATIC STAY
–ORIGINAL FILED ON DECEMBER 14, 2018

ALLEGED SECURED CREDITOR

THE BANK OF NEW YORK MELLON CORPORATION DBA THE BANK OF
NEW YORK MELLON F/K/A THE BANK OF NEW YORK AS SUCCESSOR
IN INTEREST TO JP MORGAN CHASE BANK, N.A. AS TRUSTEE FOR
STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2006-AR7
MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR7

Franciscus Maria Dartee
Beneficiary
c/o 12 Moonshadow Court
Kinnelon, New Jersey 07405
Tel 1-973-626-6464

December 17, 2018

## STATEMENT OF FACTS

COMES NOW Franciscus Maria Dartee, a Third Party Interest Intervenor and Beneficiary of FRANCISCUS DARTEE, Debtor, who is neutral in the public, who is unschooled in law, and making a special appearance before this court under the supplemental rules of Admiralty, Rule E(8), a restricted appearance, without granting jurisdiction, and notices the court of enunciation of principles as stated in Haines v. Kerner, 404 U.S. 519, wherein the court has directed that those who are unschooled in law making pleadings and/or complaints shall have the court look to the substance of the pleadings rather in than the form, and hereby makes the following pleadings/notices in the above referenced matter without waiver of any other defenses.

1. This Emergency Objection to the court issued Order Vacating Stay, issued on October 24, 2018, and Order Denying Motion For Reconsideration of the Order issued on October 25, 2018, affecting the real property located 12 Moonshadow Court, Kinnelon, New Jersey, is necessitated by the fact that these instant orders were not issued in compliance with 28 U.S.C. § 1691, 62 Stat. 945 which states:

   > 28 U.S. Code § 1691 - Seal and teste of process
   > All writs and process issuing from a court of the United States
   > shall be under the seal of the court and signed by the clerk thereof.
   > (June 25, 1948, ch. 646, 62 Stat. 945.).

2. The court Order Vacating Stay issued on October 24, 2018 was not "signed by the clerk thereof" and thus not issued "under the seal of the court and signed by the clerk thereof." pursuant to 28 U.S. Code § 1691 and is therefore void *ab initio*. *See,* Exhibit A.

3. The subsequent court Order Denying Motion For Reconsideration of the Order *supra*, issued on October 25, 2018, was not issued "under the seal of the court and signed by the clerk thereof" pursuant to 28 U.S. Code § 1691 and is therefore also void *ab initio*. *See,* Exhibit B.

4. Issued court orders are considered "process" as the precedent has been firmly established in the following cases:

   > Peaslee v. Haberstro, 15 Blatchf. 472, Fed.Cas. No. 10,884, the summons **was set aside because not under the seal of court or signature of clerk**. ... To my mind, the word "process," as used in Rev. St. § 911, **means an order of court**, although it may be issued by the clerk.

> Leas & McVitty v. Merriman, 132 F. 510, 511-513
> (C.C. D. Virginia 1904), emphases added]

> In some jurisdictions codes or statutes variously define 'process' as signifying or including: A writ or summons issued in the course of judicial proceedings; all writs, warrants, summonses, and **orders of courts** of justice or judicial officers; or any writ, declaration, summons, order, or subpoena whereby any action, suit, or proceeding shall be commenced, or which shall be issued in or upon any action, suit, or proceeding".
> 50 Cor. Jur. 442. [emphases added]

> "The term 'process' includes any writ of summons, subpoena or **order** * * * **issued in or upon any action,** * * * brought in any court * * * having jurisdiction of the subject-matter."
> Ex parte Schollenberger, 96 U.S. 369, 374, 24 L. Ed. 853.
> [emphases added]

> "**A 'process' is merely a formal writing issued by authority of law**. In re Martin, 86 N.J.Eq. 265, 98 A. 510; State v. Superior Court of Thurston County, 139 wash. 454, 247 P. 942; see, also, In re Simon [2 Cir.], 297 F. 942; Frank Adams Elec. Co. v. Witman, 16 Ga.App. 574, 85 S.E. 819."
> Massey v. United States, D.C., 46 F.2d 78, 79. (United States v. Fore, 38 F. Supp. 142 (03/10/1941).) [emphases added]

5. Furthermore, the word "process" itself implies court action. It is generally defined as the means by which a court compels the appearance of a defendant before it or by which the court compels a compliance with its demands. Black's Law Dictionary (Revised Fourth Edition 1968), p. 1370; United States v. Kinney, 264 F. 542 (E.D.Pa.1920); United States v. Fore, 38 F.Supp. 142 (S.D.Cal.1941); 72 C.J.S. Process § 1; State v. Sullivan, 245 Wis. 180, 13 N.W.2d 550 (1944). See 28 U.S.C. §§ 1691-1696. (Girardier v. Webster College, 563 F.2d 126 (1977.)

6. There is a Historical and Revision Note to 28 U.S. Code § 1691 which states:

> Provisions as to teste of process issuing from the district courts were omitted as superseded by Rule 4 (b) of the Federal Rules of Civil Procedure. Provision for teste of the Chief Justice of writs and process was omitted as unnecessary.

7. However this note does not at all imply that the statute was omitted in its entirety but rather that only certain "Provisions as to teste of the process" "were omitted as superseded by Rule 4 (b)" concluding that only those provisions addressed in Rule 4 (b) were omitted from the statute. When examining FRCP Rule 4 (b) we find only the following provisions related to "Summons" to have been omitted and superseded by this rule and leaves intact the rest of the statute:

> Rule 4. Summons
> (b) ISSUANCE. On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, **the clerk must sign, seal,** and issue it to the plaintiff for service on the defendant. A summons— or a copy of a summons that is addressed to multiple defendants— must be issued for each defendant to be served. [emphases added]

8. So even in Rule 4 (b) we find that the clerk must still sign and seal a summons for service on the defendant "If the summons is properly completed" not only confirming the spirit and nature of the statute but even enhancing it as pertaining to summons and summons alone. The rest of the statute remains unaffected by Rule 4 (b) and in full force and effect as also evidenced by all precedential case citings herein.

9. Additional precedential case citings are:

> In Leas & McVitty (C.C.) 132 F. 510, 512 [supra], the court said:
> "I think section 911, Rev. St. (U.S. Comp. St. 1901, p. 683), means no more than that, **when a writ or process issues from a federal court, it must be signed by the clerk, and shall be authenticated in the manner therein set out**."
> 
> [Perris Irrigation Dist. v. Turnbull]
> [215 F. 562, 564, (9th Cir. 1914)]
> [emphases added]

> Former § 721 of this title [now this section], meant no more than that when a **writ or process issued from a federal court it had to be signed by the clerk, and had to be authenticated in the manner therein set out**.
> Leas & McVitty v. Merriman, C.C.W.D.Va.1904, 132 F. 510.
> [emphasis added]

> All writs and process issuing from the courts of the United States shall be under the **seal of the court** from which they issue, and shall be **signed by the clerk** thereof.
>
> Middleton Paper Co. v. Rock River Paper Co.
> 19 F. 252, hn. 1 (C.C. W.D. Wisconsin 1884) [emphasis added]

> The question whether an order of attachment is "process in law" is **not debatable**. ... When issued out of the United States District Court it must be signed by the Clerk as a ministerial duty.
>
> Brown v. Beckham, 137 F.2d 644, 646, hn. 2
> (6th Cir. 1943) [emphasis added]

> Inasmuch as **all writs and processes issuing from a court of the United States are required, by statute, to be under seal of court and signed by clerk thereof**, an injunction signed only by deputy clerk of district court is not void for want of a judicial signature.
>
> Scanbe Mfg. Co. v. Tryon, 400 F.2d 598
> hn. 1 (9th Cir. 1968) [emphases added]

> The district court held that "the injunction **signed only by a deputy clerk of the District Court is void**" for want of a judicial signature. Section 1691 of Title 28, U.S.C. (which was not called to the attention of the district court) provides that "All writs and process issuing from a court of the United States shall be under the seal of the court and signed by the clerk thereof".
> **In view of the clear provisions of the statute, the judgment must be reversed.**
>
> Scanbe Mfg. Co. v. Tryon, 400 F.2d 598
> hn. 1 (9th Cir. 1968) [emphases added]

10. With these instant orders not being issued "under the seal of the court and signed by the clerk thereof", the court did not acquire the jurisdiction of the debtor, as determined in United States v. Sharrock, 276 F. 30, 31:

   > ... [A]nd the notice referred to is the usual process and subpoena in equity of statute and rules ... necessarily under the **seal of the court**, and **signed by its clerk**. ... Such subpoena was not published herein, and so **jurisdiction of defendant was not acquired**.
   >
   > United States v. Sharrock, 276 F. 30, 31
   > (DCUS Montana 1921) [emphases added]

11. These instant orders are considered "incomplete written instruments" and must be set aside per Leas & McVitty v. Merriman, 132 F. 510, 511-513 *supra* and may not be subsequently amended per Dwight v. Merritt, 4 F. 614, 615 Citing Peaslee v. Haberstro, 15 Blatchf. 472. which states:

> A summons, or notice to the defendant, for the commencement of a suit, is certainly process, quite as much as a capias or a subpoena to appear and answer is process. **The statute intends that all process shall issue from the court**, where such process is to be held to be the action of the court, and that **the evidence that it issues from the court and is the action of the court shall be the seal of the court** and the **signature of the clerk**. ... In courts of the United States a summons **cannot be amended by subsequent addition of the signature of the clerk, and the seal of the court**.
> Citing Peaslee v. Haberstro, 15 Blatchf. 472.
> Dwight v. Merritt, 4 F. 614, 615 hns. 1 and 2, (C.C. D. NY 1880), cited favorably in Chisholm v. Gilmer 299 U.S. 99 (1936) [emphases added]

12. Grounds for relief from these void Orders are cited in FRCP Rule 60(b).

13. This objection/motion is timely pursuant to FRCP Rule 60(c).

14. Vacating these void Orders, upon which relief was granted from the Automatic Stay, *nunc pro tunc* back to the date of the Orders, must by default reinstate the Automatic Stay *nunc pro tunc* retroactiveky back to the dates of the void Orders.

15. Reinstatement of the Automatic Stay *nunc pro tunc* defeats defendant's Motion to Dismiss Adversary Proceeding by reinstating the Automatic Stay retroactively and by which the property remains in the bankruptcy estate.

## CONCLUSION

Since the October 24, 2018 issued Order Vacating Stay and the subsequent Order Denying Motion For Reconsideration of the Order issued on October 25, 2018, were both not issued in compliance with 28 U.S. Code § 1691, they are void *ab initio* and must be dismissed *nunc pro tunc* back to the date of the issuance of the Orders in their entirety and the Automatic Stay of all proceedings, as provided under 11 U.S.C. §362, reinstated retroactively as a matter of law and in the interest of justice. Further, the Office of the Clerk/Register of Deeds for MORRIS County must be directed to allow for the recording of this dismissal of these instant void Orders *nunc pro tunc*.

Date: December 17, 2018

Respectfully Submitted,

By: _____ L.S.
Franciscus Maria Dartee, Beneficiary of
FRANCISCUS MARIA DARTEE
Debtor
c/o 12 Moonshadow Court
Kinnelon, New Jersey

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | | |
|---|---|---|
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>Franciscus Maria Dartee<br>Beneficiary of<br>FRANCSICUS MARIA DARTEE<br>c/o 12 Moonshadow Court<br>Kinnelon, New Jersey 07405<br>Tel 1-973-626-6464 | U.S. BANKRUPTCY COURT<br>FILED<br>NEWARK, NJ<br><br>2018 DEC 17 A 10: 27<br><br>JEANNE A. NAUGHTON<br><br>BY: _____ | |
| | Case No.: | 18-26407-JKS & 18-01538-JKS (AP) |
| | Chapter: | 11 |
| In Re:<br><br>FRANCSICUS MARIA DARTEE<br>Debtor | Adv. No.: | 517704235 |
| | Hearing Date: | December 18, 2018 |
| | Judge: | John K. Sherwood |

## CERTIFICATION OF SERVICE

1. I, Franciscus Maria Dartee:

    ☒ represent FRANCSICUS MARIA DARTEE in this matter.

    ☐ am the secretary/paralegal for Click or tap here to enter text., **who represents** Click or tap here to enter text. in this matter.

    ☐ am the Click or tap here to enter text. in this case and am representing myself.

2. On December 17, 2018, I sent a copy of the following pleadings and/or documents to the parties listed in the chart below.

    Martha Hildebrandt, Assistant United States Trustee
    LAURA EGERMAN, ESQ., RAS CITRON, LLC
    ASHLEY ROSE, ESQ, SANDELANDS EYET LLP

3. I certify under penalty of perjury that the above documents were sent using the mode of service indicated.

Date: December 17, 2018                    By _____ L.S.
                                              Signature        28 USC 1746(1)

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| Martha Hildebrandt<br>Assistant United States Trustee<br>Office of The United States Trustee<br>One Newark Center<br>1085 Raymond Boulevard<br>Suite 2100<br>Newark, NJ 07102 | Assistant United States Trustee | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☒ Other Via Facsimile: 1-973- 645-5993<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| LAURA EGERMAN, ESQ.<br>RAS CITRON, LLC<br>130 CLINTON ROAD, SUITE 202<br>FAIRFIELD, NJ 07004 | Attorneys for Secured Creditor | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☒ Other Email to: LEGERMAN@RASNJ.COM<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| ASHLEY ROSE, ESQ<br>SANDELANDS EYET LLP<br>1545 U.S. Highway 206, Suite 304<br>Bedminster, NJ 07821 | Defendant in Adversary Proceeding | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☒ Other Email to: arose@se-llp.com<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| Click or tap here to enter text. | Click or tap here to enter text. | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ Other Click or tap here to enter text.<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| Click or tap here to enter text. | Click or tap here to enter text. | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ Other Click or tap here to enter text.<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Franciscus Maria Dartee
Beneficiary of
FRANCSICUS MARIA DARTEE
c/o 12 Moonshadow Court
Kinnelon, New Jersey 07405
Tel 1-973-626-6464

In Re:

FRANCSICUS MARIA DARTEE

Debtor

Case No.: 18-26407-JKS & 18-01538-JKS
(AP)

Chapter: 11

Hearing Date: December 18, 2018

Judge: John K. Sherwood

## ORDER VACATING VOID ORDERS AND REINSTATING AUTOMATIC STAY

The relief set forth on the following pages, numbered two (2) through (2) is **ORDERED**.

This matter having been presented to the Court by Franciscus Maria Dartee and the Court having reviewed the objection/motion and any opposition filed, and for good cause shown it is

ORDERED that:

1. Court issued Orders dated October 24, 2018 and October 25, 2018 are hereby void *nunc pro tunc* back to the issue date and ordered vacated *ab initio*.

2. Due to the vacated Orders, the automatic stay as to Franciscus Maria Dartee is hereby reinstated retroactive back to the effective date of October 24, 2018.

3. Defendant's motion to dismiss the adversary proceeding is denied.